IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

JOSE CLEMENTE MACHUCA
c/o 519 H Street NW
Washington, DC 20001
(Montgomery County)

    Plaintiff,

v.

MJEJ CORPORATION
d/b/a MI LA CAY
2407-2409 University Boulevard
Wheaton, MD 20902
(Montgomery County)

MICHAEL MINH UNG
2672 Winter Morning Way
Olney, MD 20832
(Montgomery County)

RICHARD HANG HUYNH
13517 Stockbridge Court
Silver Spring, MD 20906
(Montgomery County)

    Defendants.

Civil Action No. _____

# COMPLAINT

1. While Plaintiff worked at Mi La Cay, a Vietnamese restaurant located in downtown Wheaton, Maryland, Defendants paid him a flat semimonthly salary that denied him minimum and overtime wages.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-

401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## Parties

5. Plaintiff Jose Clemente Machuca is an adult resident of Montgomery County, Maryland.

6. Defendant MJEJ Corporation is a Maryland corporate entity. It does business as Mi La Cay. Its principal place of business is located at 2407-2409 University Boulevard, Wheaton, MD 20902. Its resident agent for service of process is Michael Ung, 800 Gabel Street, Silver Spring, MD 20901.

7. Defendant Michael Minh Ung is an adult resident of Maryland. He resides at 2672 Winter Morning Way, Olney, MD 20832. He is an owner and officer of Defendant MJEJ Corporation. He exercises control over the operations of MJEJ Corporation — including its pay practices.

8. Defendant Richard Hang Huynh is an adult resident of Maryland. He resides at 13517 Stockbridge Court, Silver Spring, MD 20906. He is an owner and officer of Defendant MJEJ Corporation. He exercises control over the operations of MJEJ Corporation — including its pay practices.

**Factual Allegations**

9. Defendants own and operate the restaurant Mi La Cay, located at 2407-2409 University Boulevard, Wheaton, MD 20902.

10. Plaintiff worked at Mi La Cay from approximately April 4, 2019 through March 1, 2020.

11. Plaintiff worked at Mi La Cay as a kitchen laborer.

12. Plaintiff's job duties at Mi La Cay primarily consisted of preparing and cooking food, washing dishes, and cleaning the restaurant.

13. At all relevant times, Plaintiff typically and customarily worked six days per week.

14. At all relevant times, Plaintiff typically and customarily worked Friday through Wednesday.

15. At all relevant times, Plaintiff typically and customarily worked approximately seventy-two hours per week.

16. At all relevant times, Mi La Cay typically and customarily opened for customers at 10:00 a.m. on each day of the week.

17. At all relevant times, Plaintiff typically and customarily started work at 9:15 a.m., or approximately forty-five minutes prior to the restaurant's opening.

18. At all relevant times, Mi La Cay typically and customarily closed at 8:30 p.m. (Sunday through Thursday) or at 9:30 p.m. (Friday and Saturday).

19. At all relevant times, Plaintiff typically and customarily worked until 9:00 p.m. (Sunday through Wednesday) and until 10:00 p.m. (Friday and Saturday), or until approximately thirty minutes after the restaurant's closing.

20. At all relevant times, Defendants paid Plaintiff a salary.

21. At all relevant times, Defendants paid Plaintiff a semimonthly salary of approximately $1,100.00

22. At all relevant times, Defendants paid Plaintiff an effective hourly rate of approximately $7.05.

23. At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

24. Defendants paid Plaintiff the same effective hourly rate across all hours worked.

25. Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

26. In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable federal, Maryland, and Montgomery County minimum wage rates.

27. The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

28. The MWHL required that employers pay non-exempt employees at least $10.10 per hour from July 1, 2018 through December 31, 2020, and $11.00 per hour from January 1, 2020 through the present. Md. Code, Lab. & Empl. Art. § 3-413.

29. The Montgomery County minimum wage was $12.00 per hour from July 1, 2018 through June 30, 2019, and $12.50 per hour from July 1, 2019 through the present. Montgomery County Code, § 27-68.

30. For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $27,860.80 in minimum and overtime wages (excluding liquidated damages).

31. At all relevant times, Defendants paid Plaintiff partly in cash and partly by check.

32. Defendants Michael Minh Ung hired, or participated in the decision to hire, Plaintiff.

33. Defendant Michael Minh Ung set Plaintiff's work schedule.

34. Defendant Michael Minh Ung set Plaintiff's salary.

35. Defendant Michael Minh Ung signed Plaintiff's paychecks.

36. Defendant Michael Minh Ung handed Plaintiff his semimonthly pay.

37. Defendant Richard Hang Huynh hired, or participated in the decision to hire, Plaintiff.

38. Defendant Richard Hang Huynh supervised Plaintiff.

39. At all relevant times, Defendants had the power to hire and fire Plaintiff.

40. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

41. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

42. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

43. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

44. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable federal, Maryland, and Montgomery County minimum wage rates.

45. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

46. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

47. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

48. At all relevant times, Defendants had two or more employees who handled food products, such as beef, pork, and vegetables, that had been raised or grown outside of Maryland.

## COUNT I
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

49. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

50. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

51. The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

52. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

53. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

54. Defendants violated the FLSA by knowingly failing to pay Plaintiff the required minimum wage.

55. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

56. Defendants' violations of the FLSA were willful.

57. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL

58. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

59.	Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

60.	The MWHL required that employers pay non-exempt employees at least $10.10 per hour from July 1, 2018 through December 31, 2020, and $11.00 per hour from January 1, 2020 through the present. Md. Code, Lab. & Empl. Art. § 3-413.

61.	The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

62.	Defendants violated the MWHL by knowingly failing to pay the required minimum wage to Plaintiff.

63.	Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

64.	Defendants' violations of the MWHL were willful.

65.	For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

66.	Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

67.	Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

68.	The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

7

69. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

70. The "wages" required to be timely paid by the MWPCL include minimum and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

71. Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including minimum and overtime wages.

72. Defendants' violations MWPCL were willful.

73. For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$88,327.40**, and grant the following relief:

    a. Award Plaintiff $83,582.40, consisting of the following overlapping elements:

        i. unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii. unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

        iii. three times the amount of unpaid wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c. Award Plaintiff reasonable attorney's fees and expenses at (as of this date, approximately $4,345.00);

d. Award Plaintiff court costs (currently, $400.00); and

e. Award any additional relief the Court deems just.

Date: March 3, 2020                                         Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #17567
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*