# CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release (the "**Agreement**") is entered into by and between Jose Clemente Machuca (hereinafter "**Plaintiff**"), on the one hand, and MJEJ Corporation, Michael Minh Ung, and Richard Hang Huynh (hereinafter "**Defendants**"), on the other hand, on September 18, 2020, in accordance with the following Recitals, Terms, and Conditions:

## RECITALS

WHEREAS, Plaintiff alleges that he was formerly an employee of Defendants;

WHEREAS, Plaintiff has alleged that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

WHEREAS, Plaintiff filed a lawsuit captioned Machuca v. MJEJ Corporation, et al., Case No. 8:20-cv-00582-GJH (hereinafter the "**Lawsuit**"), which Lawsuit and its claims are hereinafter collectively referred to as "**those Certain Claims**";

CONFIDENTIAL SETTLEMENT AND RELEASE

WHEREAS, Defendants deny all allegations of those Certain Claims; and

WHEREAS, the parties have agreed to resolve all of their respective differences regarding the Lawsuit, those Certain Claims, and any claims regarding the employment of Plaintiff.

**WITNESSETH NOW, THEREFORE**, Plaintiff and Defendants agree as follows:

## SETTLEMENT TERMS AND CONDITIONS

**1.    CONSIDERATION**

Defendants agree to pay the total sum of $26,500.00, which payment is the full monetary consideration for this Agreement. Timely payment is a material term of this settlement agreement. Payments shall be made as follows, and delivered to DCWageLaw, located at 519 H Street NW, Washington, DC 20001:

| Received by: | Payable to: | Amount: |
| --- | --- | --- |
| September 21, 2020 | "DCWageLaw" | $10,000.00 |
| October 15, 2020 | "DCWageLaw" | $1,375.00 |
| November 15, 2020 | "DCWageLaw" | $1,375.00 |
| December 15, 2020 | "DCWageLaw" | $1,375.00 |
| January 15, 2021 | "DCWageLaw" | $1,375.00 |
| February 15, 2021 | "DCWageLaw" | $1,375.00 |

CONFIDENTIAL SETTLEMENT AND RELEASE

| March 15, 2021 | "DCWageLaw" | $1,375.00 |
| April 15, 2021 | "DCWageLaw" | $1,375.00 |
| May 15, 2021 | "DCWageLaw" | $1,375.00 |
| June 15, 2021 | "DCWageLaw" | $1,375.00 |
| July 15, 2021 | "DCWageLaw" | $1,375.00 |
| August 15, 2021 | "DCWageLaw" | $1,375.00 |
| September 15, 2021 | "DCWageLaw" | $1,375.00 |

Counsel for Plaintiff shall hold any amounts paid in escrow until this agreement is approved by the Court.

**2.     SCOPE OF RELEASE**

Plaintiff acknowledges and agrees that this Agreement terminates all controversies of any nature whatsoever between Plaintiff and Defendants as of the date of this Agreement, including but not limited to the Lawsuit and those Certain Claims, or any other claims relating in any way to Plaintiff's employment with Defendants. Counsel for Plaintiff agrees to file a motion for approval of this agreement and take all necessary steps to have this matter dismissed.

**3.     RELEASE**

In exchange for the acceptance and receipt of such consideration as described in Paragraph 1, and for other good and valuable consideration, each

CONFIDENTIAL SETTLEMENT AND RELEASE

Party, for itself and its respective past, present or future predecessors, successors and assigns, parent entities, subsidiaries, affiliates, insurers, independent contractors, attorneys, servants, agents, and employees, personal representatives, heirs and assigns, hereby releases, holds harmless, and forever discharges all other Parties to this Agreement and their respective past, present or future, predecessors, successors and assigns, parent entities, subsidiaries, affiliates, insurers, independent contractors, attorneys, servants, agents, and employees, personal representatives, heirs and assigns, from any and all claims, causes of action, suits, damages, expenses, costs, tax liabilities, attorney's fees and liabilities of every kind or nature whatsoever, whether direct or indirect, known or unknown, suspected or unsuspected, claimed or concealed, contingent or non-contingent, as of the date of this Agreement.

The claims, complaints, and causes of action released above include, but are not limited to the Lawsuit, any claims Plaintiff or Defendants may have relating in any way to Plaintiff's employment with Defendants, including without limitation any and all claims that Plaintiff might have arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*, and any other applicable federal,

4

state, local, municipal, constitutional, or civil rights law, any common law, employment law, statutes, wrongful discharge statutes or rights of actions, human rights, rules, ordinances, and laws, as amended. However, the parties agree that this Agreement shall not be construed to waive any claims, such as workers compensation or unemployment insurance, that cannot be waived by law.

**4.     NO ADMISSION OF LIABILITY**

Plaintiff acknowledges and understands that Defendants expressly deny any and all liability of each and every sort to Plaintiff and expressly deny any legal responsibility to Plaintiff that was not fulfilled. It is further expressly understood and agreed by Plaintiff that this Agreement is made for purely economic reasons to terminate any and all disputes of any nature whatsoever between Plaintiff and Defendants as of the date of this Agreement, including but not limited to any controversies relating in any way to Plaintiff's employment with Defendants. Plaintiff understands and agrees that neither the payment of any sums of money nor this Agreement shall constitute or be construed as an admission of any liability on the part of Defendants, who expressly deny any wrongdoing or liability of any kind.

**5.     WARRANTIES**

Plaintiff expressly agrees that this Agreement contains a full settlement and is fair, adequate, and reasonable. Plaintiff understands that this settlement is intended to resolve all disputes of any nature between Plaintiff and Defendants as of the date of this Agreement.

Plaintiff warrants that he has full knowledge of the terms, conditions, and effect of this Agreement and of Plaintiff's obligations under this settlement. Plaintiff acknowledges that the terms of this Agreement are contractual and that no representations of fact or law or warranties concerning the same have been made to Plaintiff by Defendants. Plaintiff warrants that no other promise or inducement has been made or offered to Plaintiff, except as set forth in this Agreement, and warrants that this Agreement is executed without reliance upon any statements other than those contained herein.

In accepting the terms of this Agreement, Plaintiff represents that he has carefully read and understand the terms of this Agreement, and Plaintiff signs this Agreement of his own free will.

**6.     NON-DISPARAGEMENT**

From the date that this Agreement is executed, Plaintiff and Defendants agree and covenant that neither will make statements of any type to **any** third

parties or entities that disparage the other covenanting party or otherwise bring the other covenanting party into disrepute.

**7.     CHOICE OF LAW AND FORUM**

This Agreement shall be governed and construed in accordance with the laws of Maryland.

**8.     CONSTRUCTION**

The terms of this Agreement are not to be construed against the party preparing it but are to be construed as if all of the parties hereto prepared it. If any provision of this Agreement is determined to be invalid or unenforceable, the parties hereto agree that the invalid or unenforceable provisions shall be modified to the extent reasonably necessary to preserve the rights and obligations of the parties and the terms of this Agreement.

**9.     ATTORNEY'S FEES AND COSTS**

If any party sues the other for enforcement or breach of this Agreement, the prevailing party shall receive its reasonable attorney's fees and costs for pursuing or defending said action. Attorney's fees will be computed pursuant to the *Laffey* matrix, maintained by the U.S. Attorney for the District of Columbia, and approved in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983) and updated to account for the current market hourly rates for attorney's services.

CONFIDENTIAL SETTLEMENT AND RELEASE

**10.  SIGNATURE IN COUNTERPARTS**

This Agreement may be signed in any number of counterparts. Each counterpart will be considered an original. Together, all counterparts form one single document.

**IN WITNESS WHEREOF**, we, Jose Clemente Machuca; Michael Minh Ung; Richard Hang Huynh; MJEJ Corporation, set our hands and seals, evidencing our respective agreement to all of the terms of this Agreement.

9/18/2020
_____        _____ (SEAL)
Date                                      ID vsbrfRTnX4HXQkwpATPuVNjM
                                          Jose Clemente Machuca


_____        _____ (SEAL)
Date                                      Michael Minh Ung


_____        _____ (SEAL)
Date                                      Richard Hang Huynh


_____        _____ (SEAL)
Date                                      MJEJ Corporation
                                          By:     _____

                                          Title:  _____

8

10. **SIGNATURE IN COUNTERPARTS**

This Agreement may be signed in any number of counterparts. Each counterpart will be considered an original. Together, all counterparts form one single document.

**IN WITNESS WHEREOF**, we, Jose Clemente Machuca; Michael Minh Ung; Richard Hang Huynh; MJEJ Corporation, set our hands and seals, evidencing our respective agreement to all of the terms of this Agreement.

_____  _____ (SEAL)
Date                   Jose Clemente Machuca

_9/18/20_              _[signature]_ (SEAL)
Date                   Michael Minh Ung

_9/18/20_              _[signature]_ (SEAL)
Date                   Richard Hang Huynh

_9/18/20_              _[signature]_ (SEAL)
Date                   MJEJ Corporation
                       By: _Richard Huynh_

                       Title: _President_

8